UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LATAVIOUS BEAL #327749,                                Case No.   2:25-cv-00147

             Plaintiff,                                Hon.   Robert J. Jonker
                                                       U.S. District Judge
      v.

SUSAN C. KOWALSKI,

             Defendant.

_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R. & R.) addresses Defendant's motion for summary judgment.   ECF No. 29.   The R. & R. also addresses Defendant's motion to strike Plaintiff's sur-reply.   ECF No. 45.

Plaintiff – State Prisoner Latavious Beal – filed a verified complaint under 42 U.S.C. § 1983 alleging that his Fifth Amendment rights were violated.   Beal says that while he was confined at the Baraga Correctional Facility (AMF), he received a Notice of Mail Rejection on April 29, 2024, from non-Defendant mail clerk Hill, because his mail contained 22 pages of handwritten letters.   ECF No. 1, PageID.3. Plaintiff says that he never received a hearing and that Defendant Susan Kowalski falsely claimed to hold a hearing in violation of his Fifth Amendment due process rights.

Beal says that when he spoke to Kowalski, she told him that "she was not going to read 22 pages of garbage that Plaintiff's mother sent him."   *Id.*   On June 1, 2024,

after Beal informed non-Defendant Sergeant Borgan that Defendant Kowalski was playing games about a hearing on his mail and that he was feeling suicidal, he was immediately moved to a suicide watch room.  *Id.*

Kowalski says that the mail was rejected as voluminous, because it exceeded the allowed amount of twelve single-sided pages of mail.  MDOC Policy Directive 05.03.118(PP)(22).  Kowalski says that she spoke with Beal several times about the issue and informed him why the mailroom rejected his mail.  ECF No. 30-4, PageID.141-142 (affidavit of Kowalski).  She personally reviewed the mail and confirmed that it was 22 pages, which exceeded the allowable amount under policy. *Id.*, PageID.142.  On June 10, 2024, Kowalski spoke with Beal during legal rounds and informed him that the mail could not be brought into the prison for review and advised him that he could return the mail to the sender within fifteen days at his expense, or it would be destroyed.  *Id.*  She then provided Beal with a copy of the Administrative Hearing Report with her decision.  *Id.*

Defendant Kowalski moves for summary judgment asserting that Beal received the process due and that no genuine issue of material fact exists on his due process claim.  Beal argues that he never received a hearing on the mail rejection and that his due process rights were violated by Defendant.

For the reasons set forth below, it is respectfully recommended that the Court grant Defendant Kowalski's motion for summary judgment because no genuine issue of material fact exists and dismiss the complaint.

2

## II.  Sur-reply

Plaintiff filed a sur-reply.   ECF No. 44.   This Court's Local Civil Rules allow for a response to a dispositive motion and then a reply to the response.   W.D. Mich. LCivR 7.2(c).   "The court may permit or require further briefing."   *Id.*   This Court has noted that "[i]t is well-established that parties do not have a right to file a sur-reply brief, whether under the Federal Rules of Civil Procedure or the Local Civil Rules of our district, and both this court and other federal courts rarely grant leave to file a surreply."   *Aslani v. Sparrow Health Sys.*, No. 1:08-CV-298, 2009 WL 3711602, at *22 (W.D. Mich. Nov. 3, 2009) (footnote omitted).   The Court may grant leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply.   *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010).   Plaintiff did not move for leave to file a sur-reply.   Plaintiff's sur-reply does not address new issues and further briefing is not required by the Court. Accordingly, it is recommended that the Court grant Defendant's motion to strike the sur-reply.

## III.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## IV.  Due Process

Beal asserts Fifth Amendment due process claims against Defendant Kowalski for allegedly denying him a mail rejection hearing.   However, the Fifth Amendment applies to the federal government and not to state actors like Defendant Kowalski. Therefore, the Court will analyze Beal's claim under the Fourteenth Amendment.

In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law.   The due process clause does not guarantee that the procedure will produce a correct decision.   *Martinez v. California,* 444 U.S. 277, 284, n. 9 (1980).   The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest, (3) without adequate process.   *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).   "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

It is well established that Plaintiff has a liberty interest in receiving his mail. *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (citing *Procunier v. Martinez*, 416 U.S. 396, 428 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. 401).   The Sixth Circuit has held that an incoming mail censorship regulation must provide "that notice of rejection be given to the inmate-recipient" and that the inmate-recipient be given the opportunity to challenge the rejection.   *Martin v. Kelley,* 803 F.2d 236, 243-244 (6th Cir. 1986).

First, Beal alleges in his complaint that he received notice of the mail rejection. ECF No. 1, PageID.3; *see also* ECF No. 30-2, PageID.121 (Notice of Package/Mail Rejection).   Beal's issue seems to be that he did not receive a more formal hearing outside of his prison cell.   Beal was, however, given an opportunity to challenge the mail rejection decision.   Beal, while on suicide watch in an observation cell, spoke with Defendant Kowalski.   Defendant Kowalski was not involved in the decision to reject his mail.   Defendant Kowalski reviewed the mail and determined that it did violate the MDOC mail policy.   Defendant Kowalski explained in an affidavit:

5.     Beal's incoming mail was rejected by the mailroom because it was too voluminous – prisoners may receive mail not exceeding twelve pages in one envelope, and Beal was sent mail consisting of 22 pages.

6.     I asked Beal what he wanted to do with the mail if I determined it did indeed violate MDOC policy. Beal said the mail was from his mother and he should be able to have it. I told Beal I would review the mail.

7.     I personally reviewed the mail and confirmed that it was 22 pages, which exceeded the amount of allowable mail under MDOC policy. I concluded the mail had been properly rejected.

8.     I spoke with Beal again and explained to him that, due to the total of 22 pages, it could not be thoroughly searched, and therefore I was unable to bring the mail inside the secure perimeter of the facility for his review. Other than having too many pages, I never told Beal that the mail from his mother was invalid or inappropriate.

9.     On June 10, 2024, I did speak with Beal again during my legal mail round and reiterated that the mail could not be brought into the secure portion of the facility for his review. I advised Beal that he could return the mail to the sender at his expense within 15 days; otherwise, the mail would be destroyed. Beal was provided a copy of the Administrative Hearing Report indicating my determination.

ECF No. 30-4, PageID.142; *see also* ECF No. 30-2, PageID.122 (MDOC Administrative Hearing Report). The Hearing Report states in part:

HEARING OFFICER'S FINDINGS (INCLUDE REASONS FOR FINDINGS)
The mail listed on the Notice of Intent dated 4/29/24 was examined by this Hearings Officer. The mail was found to be in clear violation of PD 05.03.118, "Prisoner Mail" because the mail was voluminous. Due to the volume, it cannot be adequately searched and therefore poses a threat to the custody and security of the institution. This hearing officer finds the mail was properly rejected in accordance with PD 05.03.118 Prisoner Mail paragraph QQ #22.

Prisoner was not afforded the opportunity to view the rejected mail during the hearing because review could pose a threat to security. PD 05.03.118 states in part review is not required if, "...the review itself would threaten the order and security of the facility, encourage, or provide instruction in criminal activity, or interfere with the rehabilitation of the prisoner."

DISPOSITION OF ITEMS, IF ANY:
Prisoner is to have the mail sent out at his expense, destroyed, or picked up on a visit. Prisoner may elect to have the mail sent out at his expense via contacting the AMF mail room with mailing information and a disbursement for the full expense of shipping. If prisoner has taken no action after 15 days, the mail listed will be destroyed in accordance with PD 05.03.118.

| TYPE OR PRINT NAME OF HEARING OFFICER | Signature of Hearing Officer: |
|---|---|
| S. Kowalski, Prison Counselor | |
| Destroyed 7-19-24 | Date of Hearing: Monday, June 10, 2024 |

ECF No. 30-2, PageID.122.    In the opinion of the undersigned, Beal received due process because he was provided with notice and an opportunity to be heard.

Moreover, Beal's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).    Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy.    If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law."    *Parratt*, 451 U.S. at 537.    This rule applies to both negligent and intentional deprivations of property, if the deprivation was not done pursuant to an established state procedure.    *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

Because Beal's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies.

7

*Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).   Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action.   *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Beal has not established that state post-deprivation remedies were inadequate.   Furthermore, Beal filed a grievance through each step of the prison grievance process.   The Sixth Circuit has held that the grievance process is an adequate post-deprivation remedy.   *Calhoun v. Morris*, 2023 WL 5009669, *3 (6th Cir., July 31, 2023) (granting summary judgment on Plaintiff's due process claim, reasoning that Plaintiff "presented no evidence that he did not have an adequate post-deprivation remedy in the form of the MDOC's grievance process").

In addition, Michigan Court Rule 3.105 and Mich. Comp Laws § 600.2920 govern actions for damages for the unlawful taking of goods or other property. Michigan law also authorizes actions in the Court of Claims asserting claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *Copeland*, 57 F.3d at 480.

Therefore, in the opinion of the undersigned, no genuine issue of material facts exists, entitling Defendant Kowalski to summary judgment on Plaintiff's due process claim.

## V.  Qualified Immunity

Defendant argues that she is entitled to dismissal of the complaint against her based upon qualified immunity.  "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was] doing violate[d] that right.'"  *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  The analysis entails a two-step inquiry.  *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013).  First, the court must "determine if the facts alleged make out a violation of a constitutional right."  *Id.*  (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)).  Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it."  *Id.* (citing *Pearson*, 555 U.S. at 232).  A court may address these steps in any order.  *Id.* (citing *Pearson*, 555 U.S. at 236).  A government official is entitled to qualified immunity if either step of the analysis is not satisfied.  *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

9

In applying the first step of the qualified immunity analysis, a court must identify "the specific constitutional right allegedly infringed" and determine whether a violation occurred. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The court considers the state of the law at the second step. As the Supreme Court has observed, "this Court's case law does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotation marks and original brackets omitted) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). As explained by the Supreme Court:

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law," *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam), which means it is dictated by "controlling authority" or "a robust 'consensus of cases of persuasive authority,'" *al–Kidd*, *supra*, at 741–742, 131 S.Ct. 2074 (quoting *Wilson v. Layne*, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *See Reichle*, 566 U.S., at 666, 132 S.Ct. 2088. Otherwise, the rule is not one that "every reasonable official" would know. *Id.*, at 664, 132 S.Ct. 2088 (internal quotation marks omitted).
> The "clearly established" standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). This requires a high "degree of specificity." *Mullenix v. Luna*, 577 U.S. ——, ——, 136 S.Ct. 305, 309, 193 L.Ed.2d 255 (2015) (per curiam). We have repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff*, *supra*, at 2023 (internal quotation marks and citation omitted). A rule is too general if the unlawfulness of the officer's conduct "does not follow immediately

from the conclusion that [the rule] was firmly established." *Anderson*, *supra*, at 641, 107 S.Ct. 3034. In the context of a warrantless arrest, the rule must obviously resolve "whether 'the circumstances with which [the particular officer] was confronted ... constitute[d] probable cause.'" *Mullenix*, *supra*, at 309 (quoting *Anderson*, *supra*, at 640–641, 107 S.Ct. 3034; some alterations in original).

*D.C. v. Wesby*, 583 U.S. 48, 63-64 (2018).

In the opinion of the undersigned, for the reasons set forth above, Defendant is entitled to dismissal of Plaintiff's claims based upon qualified immunity from liability.

## VI.    Recommendation

It is respectfully recommended that the Court grant Defendant's motion for summary judgment and dismiss this case.    It is further recommended that the Court strike Plaintiff's sur-reply, ECF No. 44.

NOTICE TO PARTIES:    Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.    28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).    Failure to file timely objections constitutes a waiver of any further right to appeal.    *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).    *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    May 7, 2026                          /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U.S. MAGISTRATE JUDGE

11